J-A15022-26                    2026 PA Super 154

| | |
|---|---|
| IN THE MATTER OF: J.C.A.S., A MINOR | : IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : |
| | : |
| | : |
| APPEAL OF: M.S., MOTHER | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 214 MDA 2026 |

Appeal from the Decree Entered January 7, 2026
In the Court of Common Pleas of Dauphin County Orphans' Court at
No(s):  126-ad-2025

| | |
|---|---|
| IN THE MATTER OF: J.C.S., JR., A MINOR | : IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : |
| | : |
| | : |
| APPEAL OF: M.S., MOTHER | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 215 MDA 2026 |

Appeal from the Decree Entered January 7, 2026
In the Court of Common Pleas of Dauphin County Orphans' Court at
No(s):  127-AD-2025

BEFORE:  KUNSELMAN, J., LANE, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY LANE, J.:                          **FILED: JULY 22, 2026**

M.S. ("Mother") appeals from the decrees which terminated her parental rights to her two children: J.C.A.S. (born in 2015); and J.C.S., Jr. (born in 2016) (collectively "the Children").  Additionally, Mother's court-appointed counsel, Cory A. Leshner, Esquire ("Attorney Leshner"), has filed a brief styled pursuant to **Anders v. California**, 386 U.S. 738 (1967), as well as an

---

[*] Retired Senior Judge assigned to the Superior Court.

application to withdraw as counsel. We defer a ruling on counsel's application, and remand for the orphans' court to prepare an opinion pursuant to Pa.R.A.P. 1925(a).

Given our disposition, we need not provide a detailed history of this matter. Instead, we briefly note that in August 2024, Child Protective Services sent a referral to the Dauphin County Children and Youth ("the Agency") alleging homelessness and neglect, as well as mental health and substance abuse concerns on the part of Mother. In October 2024, the Children were adjudicated as dependent. Permanency review hearings took place on February 20, 2025, May 22, 2025, and September 16, 2025, resulting in a finding by the orphans' court that aggravated factors existed for Mother. The Agency filed petitions seeking the termination of Mother's parental rights to the Children in November 2025. On January 7, 2026, the orphans' court conducted a termination hearing at the conclusion of which it announced its decision to terminate Mother's parental rights to the Children. The court did not provide any explanation for its decision on the record. The orphans' court thereafter issued decrees in which it indicated that it was terminating Mother's parental rights to the Children pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b). The orphans' court did not author an opinion specifying its factual findings, credibility determinations, or its analysis in relation to section

2511(a)(1), (2), (5), (8) and (b) at the time it entered its termination decrees.[1]

To complicate matters, upon the filing of a notice of appeal by Mother, the orphans' court did not author an opinion pursuant to Rule 1925(a) because Attorney Leshner filed a statement indicating his intent to file an ***Anders*** brief in lieu of a Rule 1925(b) concise statement. Thus, the record does not include

---

[1] We are mindful that, in the context of termination proceedings, there is no rule or other authority which requires the orphans' court to delineate the reasons and analysis underlying its termination decision either on the record in open court, or in a written opinion or order. By contrast, in the child custody context, after the trial court has reached a decision regarding custody, the court ***must*** delineate the reasons for its custody decision either on the record in open court, or in a written opinion or order. ***See*** 23 Pa.C.S.A. § 5323(d). We find the absence of a corresponding requirement in the termination of parental rights context to be both perplexing and disconcerting. Whereas "child custody orders are ***temporary*** in nature and always subject to change if new circumstances affect the welfare of a child," ***see Holler v. Smith***, 928 A.2d 330, 331-32 (Pa. Super. 2007) (unnecessary capitalization omitted), by contrast, a decree terminating parental rights is ***permanent*** and ***irrevocable***. Thus, we believe the need for a requirement that the trial court delineate and explain the specific basis or bases for termination is just as great, if not greater, in the termination context. On this basis, we urge the Pennsylvania Supreme Court, in the exercise of its rulemaking authority, and our General Assembly, in the exercise of its law making authority, to consider enacting a requirement that the trial court delineate the reasons and analysis underlying its termination decision either on the record in open court, or in a written opinion or order. Meanwhile, in the absence of such a requirement, we note that the preparation of an opinion contemporaneous to a termination decree has been set forth as a best practice for trial court judges. ***See*** Pennsylvania Dependency Benchbook, 4th Ed., Section 18.3 (pertaining to termination of parental rights cases, and providing that "the judge should be sure to place on the record a comprehensive discussion of the reasons for the final order in the case").

a Rule 1925(a) opinion by the orphans' court indicating its reasons for entering the decrees from which Mother now appeals.

Notably, Rule 1925(a) **requires** the trial court to prepare an opinion in a termination of parental rights case if the reasons for the termination decree are not otherwise indicated in the record. In this regard, the Rule provides as follows:

> In a children's fast track appeal[,] . . . [u]pon receipt of the notice of appeal and the concise statement of errors complained of on appeal required by Pa.R.A.P. 905(a)(2), **the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within 30 days file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, which may, but need not, refer to the transcript of the proceedings**.

Pa.R.A.P. 1925(a)(2)(ii) (emphasis added).

The failure by a trial court to adhere to the requirements of Rule 1925(a) deprives the appellate courts, as well as the parties, of information, insight, and analysis critical to an appeal. As our Supreme Court has explained:

> Indeed, in any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter. Moreover, the parties may be left without a meaningful context within which to make their arguments on appeal, particularly as to discretionary matters.

*Commonwealth v. DeJesus*, 868 A.2d 379, 383 (Pa. 2005)

Here, because the trial court did not provide its reasons for terminating Mother's parental rights at the termination hearing, or at any time thereafter,

the court was **required** by Rule 1925(a)(2)(ii) to file of record at least a brief opinion of the reasons for the termination decrees. **See id**.

The importance of the requirements of Rule 1925(a) in the context of terminal of parental rights cases cannot be overstated. As this Court has explained:

> We recognize the heightened import of this judicial duty in the context of family law matters, particularly termination of parental rights cases, where "the significant gravity of a termination of parental rights . . . has far-reaching and intentionally irreversible consequences for the parents and the child." **In re Adoption of C.M.**, . . . 255 A.3d 343, 358 ([Pa.] 2021)[; **s**]**ee** [**also**] **In the Int. of K.T.**, 296 A.3d 1085, 1114 (Pa. 2023) (Supreme Court acknowledging, in termination of parental rights case, trial court need not recite "magic words" when conducting section 2511(b) analysis, but "has to make clear all of the foregoing factors were considered and the correct standard applied in weighing them[, which includes,] foster parent bond, pre[-]adoptive home, and need for permanency").

**In re K.O.C.**, 325 A.3d 854, 858 (Pa. Super. 2024).

Accordingly, in termination of parental rights cases, where the significant gravity of a termination of parental rights has far-reaching and intentionally irreversible consequences for the parent and the child, the trial court has the responsibility to provide an independent judicial analysis for purposes of our appellate review. **See id**. This is because the orphans' court's consideration and analysis of each statutory ground for termination is vital to performing our appellate review. **See In re Adoption of A.C.B.**, 334 A.3d 351 (Pa. Super. 2024) (unpublished memorandum at *7); **see also In re**

*Adoption of J.G.B.*, 334 A.3d 354 (Pa. Super. 2024) (unpublished memorandum at *6).[2]

"In the absence of a Rule 1925(a) opinion or, at a minimum, a statement from the trial judge explaining [its] individualized and considered reasons for terminating Mother's parental rights, this Court is unable to conduct meaningful appellate review." *See K.O.C.*, 325 A.3d at 858. Where "the trial court [has given] no independent rationale on the record for its decision to terminate Mother's parental rights to her . . . children," "this dereliction of duty cannot be overlooked in light of the significant consequences of the trial court's [termination] decrees." *Id*.; *see also C.M.*, 255 A.3d at 358 (holding that "[a] parent's right to make decisions concerning the care, custody, and control of his or her children is among the oldest of fundamental rights") (citations omitted).

Further, Attorney Leshner's request to withdraw from representation requires this Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015); *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (describing our duty as a "simple review of the record to ascertain if there appears . . . to be arguably meritorious issues that counsel,

---

[2] An unpublished or "non-precedential decision" of the Superior Court filed on or after May 1, 2019, may be cited for its persuasive value. Pa.R.A.P. 126(b).

intentionally or not, missed or misstated"). Without the orphans' court's findings, credibility determinations, and analysis of the statutory grounds for termination, we cannot perform this independent review.

Accordingly, we remand these matters to the orphans' court for preparation of an opinion within thirty days of the date of this order. The opinion shall address the statutory grounds upon which the orphans' court terminated Mother's parental rights as to each child, with appropriate findings, credibility determinations, and analysis. Attorney Leshner shall have twenty days, following the filing of the orphans' court's opinion, to determine if a new *Anders*/appellate brief is necessary. Should Attorney Leshner file a new brief, the Agency and the participants will have twenty days thereafter to respond.

Cases remanded with instructions. Application to withdraw deferred until remand is complete. Panel jurisdiction retained.